2014 CO 79

In re : Christopher **NICKERSON** d/b/a Christopher Alan, Plaintiff

v.

**NETWORK SOLUTIONS, LLC;** and Web.com Group, Inc., Defendants

**Supreme Court Case No. 14SA253**

Supreme Court of Colorado.

December 8, 2014

Attorneys for Plaintiff: Lewis Kuhn Swan PC, Paul F. Lewis, Michael D. Kuhn, Andrew E. Swan, Colorado Springs, Colorado

Attorneys for Defendants: Lewis Roca Rothgerber LLP, William D. Nelson, Ian S. Speir, Colorado Springs, Colorado

JUSTICE HOBBS delivered the Opinion of the Court.

¶ 1 This original proceeding addresses whether a default judgment may be set aside as void for lack of jurisdiction due to the existence of a contractual forum selection clause purporting to divest Colorado courts of jurisdiction over the matter. After the trial court set aside its default judgment, the plaintiff, Christopher Nickerson, filed this C.A.R. 21 petition seeking to reinstate the default judgment entered against the defendants, Network Solutions, LLC and Web.com Group, Inc.

¶ 2 We hold that the trial court erred in setting aside the default judgment. A forum selection clause in a contract does not divest a court of jurisdiction but instead presents the question of whether it is reasonable for the court to exercise its jurisdiction in the particular circumstances of the case. Therefore, the default judgment was not void on this basis. Accordingly, we direct the trial court to reinstate the default judgment in favor of Nickerson.

## I.

¶ 3 Nickerson filed suit against Network Solutions, LLC and its parent company, Web.com Group, Inc. (collectively, "Network Solutions"), on April 30, 2014. He had contracted with Network Solutions for web hosting services in connection with his disc jockey business and sued for negligence after the deletion of his data from the company's server. Nickerson properly served Network Solutions on May 19, 2014. He then requested entry of a default judgment under C.R.C.P. 55(a) after Network Solutions failed to respond to the complaint by the deadline. The clerk entered default judgment in the amount Nickerson asked for—$65,000 plus costs.

¶ 4 Network Solutions filed a Motion to Set Aside Default Judgment pursuant to C.R.C.P. 55(c) and 60(b). In its motion, Network Solutions argued that it had failed to respond by the deadline due to "mistake, inadvertence, and/or excusable neglect" because its paralegal entered the wrong date into the litigation calendaring system. In its reply brief, Network Solutions argued for the first time that the default judgment was void because the court lacked jurisdiction over the matter due to a forum selection clause granting "exclusive jurisdiction" to certain courts in Virginia.[1]

---

1. In pertinent part, the forum selection clause in the Service Agreement provides that the parties:

   [A]gree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District of Virginia, Alexandria Division for any disputes between you and Network Solutions under, arising out of, or related in any way to this Agreement (whether or not such disputes also involve other parties in addition to you and Network Solutions). If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, for any such disputes, you and we

¶ 5 The trial court granted Network Solutions' motion to set aside the default judgment. While the court found the company's excusable neglect claim to be "without merit," it vacated the judgment under C.R.C.P. 60(b)(3) for lack of jurisdiction. The court found that because forum selection clauses are presumptively enforceable in Colorado, a clause purporting to vest exclusive jurisdiction in Virginia courts deprived Colorado courts of jurisdiction over the claim. As such, it held that the default judgment was void for lack of jurisdiction and granted the motion.

¶ 6 We issued a rule to show cause as to why the trial court's order setting aside the default judgment should not be made absolute. We now make our rule absolute and reinstate the default judgment.

## II.

¶ 7 We hold that the trial court erred in setting aside the default judgment. A forum selection clause in a contract does not divest a court of jurisdiction but instead presents the question of whether it is reasonable for the court to exercise its jurisdiction in the particular circumstances of the case.

### A. C.A.R. 21 Jurisdiction

¶ 8 We exercise our original jurisdiction under C.A.R. 21 to review this case because no other adequate remedy is available. As we previously recognized in *Goodman Associates, LLC v. WP Mountain Properties, LLC*, in the context of an order setting aside a default judgment, "an appeal following a trial on the merits would not be an adequate remedy for a judgment lienor whose priority might be destroyed by the sale of the encumbered property by a judgment creditor whose rights attached subsequent to the default judgment." 222 P.3d 310, 314 (Colo.2010). The trial court's order setting aside the default judgment forecloses all avenues for collecting the default judgment, requiring Nickerson to proceed to trial and possibly appeal. Because such a delay "may endanger [Nickerson's] ability to recover on [his] judgment lien," no other adequate remedy is available. *See id.*

### B. Standard of Review

¶ 9 For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). C.R.C.P. 55(c). Here, the trial court entered judgment by default. Rule 60(b) allows a court to grant a party relief from a final judgment for several reasons, including "[m]istake, inadvertence, surprise, or excusable neglect" and where the judgment is void. *See* C.R.C.P. 60(b)(1) and (3). A judgment is void if the court lacked personal jurisdiction over the parties or subject matter jurisdiction over the cause of action. *See In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981). The judgment must be "one which, from its inception, was a complete nullity and without legal effect." *First Nat'l Bank of Telluride v. Fleisher*, 2 P.3d 706, 714 (Colo. 2000).

¶ 10 Generally, the decision to grant relief under C.R.C.P. 60(b) is reviewed for abuse of discretion. *Id.* at 713. However, when a trial court finds a judgment void under C.R.C.P. 60(b)(3), we review its decision de novo. *Id.* at 713–14; *see also In re Marriage of Stroud*, 631 P.2d at 170 n.5 ("[W]here the motion alleges that the judgment attacked is void, C.R.C.P. 60(b)(3), the trial court has no discretion. The judgment either is void or it isn't and relief must be afforded accordingly.").

### C. Jurisdiction and Contractual Forum Selection Clauses

¶ 11 "A court's jurisdiction concerns its power to entertain and to render a judgment on a particular claim." *In re Estate of Ongaro*, 998 P.2d 1097, 1103 (Colo. 2000). In Colorado, the subject matter jurisdiction of state courts is determined solely by the state constitution or by statute. *See* Colo. Const. art. 6, § 9; *see also Currier v. Sutherland*, 218 P.3d 709, 712 (Colo.2009) ("A

---

agree that exclusive jurisdiction and venue shall be in the courts of Fairfax County, Fairfax, Virginia.

trial court's unrestricted and sweeping jurisdictional powers are only limited by a statute or constitutional provision . . . ." (internal quotation marks omitted)). Personal jurisdiction involves the court's authority to subject a particular defendant to the decisions of the court. Due process prohibits the exercise of personal jurisdiction over a nonresident defendant unless the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks omitted).

¶ 12 A forum selection clause is a contractual provision agreed to by private parties that constitutes the parties' agreement as to where they will bring any litigation related to the contract. *Cagle v. Mathers Family Trust*, 2013 CO 7, ¶ 12, 295 P.3d 460. In reviewing forum selection clauses, Colorado follows the rule established in the Restatement (Second) of Conflict of Laws in 1971 and adopted by the U.S. Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Under that rule, a forum selection clause is presumptively enforceable unless it is unreasonable, fraudulently induced, or against public policy. *See Cagle*, ¶ 18 (adopting the *Bremen* rule).

¶ 13 Although forum selection clauses may be enforceable generally, the parties' agreement as to the place of the action does not divest a court of personal or subject matter jurisdiction. Colorado courts have long adhered to the common law principle that "the lawful jurisdiction of courts cannot be ousted by the private agreements of individuals." *In re Brown's Estate*, 65 Colo. 341, 345–46, 176 P. 477, 479 (1918); *see also Isham v. People*, 82 Colo. 550, 567–68, 262 P. 89, 96 (1927) ("Jurisdiction of the subject-matter is conferred by the Constitution and laws of the state, not by the action of one or both parties."), *superseded on other grounds by statute, as recognized in Gilford v. People*, 2 P.3d 120, 128–29 (Colo.2000). Section 80 of the Restatement (Second) of Conflict of Laws also reflects this principle:

The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable.

The commentary to that provision emphasizes that "[p]rivate individuals have no power to alter the rules of judicial jurisdiction. They may not by their contract oust a state of any jurisdiction it would otherwise possess." Rest. (2d) Conflict of Laws § 80 cmt. a (1971).

¶ 14 The U.S. Supreme Court underscored this point in *Bremen*, explaining that the ousting a court of jurisdiction argument "is hardly more than a vestigial legal fiction." 407 U.S. at 12, 92 S.Ct. 1907. Instead, "[t]he threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause." *Id.* Every Colorado court of appeals case considering this issue has agreed that, while forum selection clauses are usually enforceable as a matter of contract, they do not deprive a court of its jurisdiction. *See, e.g., Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155, 1159–60 (Colo. App.2006); *ABC Mobile Sys., Inc. v. Harvey*, 701 P.2d 137, 139 (Colo.App.1985).

¶ 15 We stand with the great weight of authority in concluding that forum selection clauses do not limit the jurisdictional authority of a court. This rule is consistent with our recent decision in *Cagle* where we upheld a trial court order dismissing a claim for lack of jurisdiction pursuant to a forum selection clause. *See* ¶ 4. However, *Cagle* addressed only the enforceability of the clause. It did not discuss the impact on the court's jurisdiction over the claim or parties. *Cagle* simply held that the forum selection clauses at issue were enforceable because they did not violate public policy as expressed in Colorado's securities laws. *Id.*

## D. Application to This Case

¶ 16 Here, the trial court's order vacating the default judgment conflates the distinction between the court's jurisdiction

over the action and the strong preference for declining to exercise jurisdiction based on the parties' forum selection agreement. This confusion is understandable; there is no Colorado rule of procedure that sets forth the proper mechanism to seek enforcement of a forum selection clause. In *Edge Telecom,* the court of appeals confronted this issue and determined that a motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim, for summary judgment, for forum non conveniens, or to change venue is improper for this purpose. 143 P.3d at 1159–61. Instead, the court suggested that the party seeking to enforce a forum selection clause should file a motion demonstrating the existence of such a clause at the outset of the proceedings. *Id.* at 1161. *Edge Telecom* held that because the forum selection clause was enforceable, the trial court's erroneous reliance on C.R.C.P. 12(b)(1), absence of subject matter jurisdiction, as a basis for dismissal was harmless. *Id.; see also Cagle,* ¶ 15 (explaining that when a state court finds a forum selection clause enforceable, it can only dismiss the case so the plaintiff may refile in the specified forum). The same reasoning implicitly applied in *Cagle:* although a motion to dismiss for lack of subject matter jurisdiction was not the appropriate procedural mechanism, any error in dismissing on that basis was harmless because the forum selection clause was enforceable.

¶ 17 In the case before us, the trial court had no opportunity to consider the enforceability of the forum selection clause because Network Solutions failed to respond to Nickerson's complaint. The court had subject matter jurisdiction over the negligence cause of action. The court also had personal jurisdiction over the parties because both parties had the requisite minimum contacts with Colorado. Nickerson is a Colorado resident and Network Solutions is a large company that regularly conducts business in Colorado.[2] Thus, the trial court had authority to enter the default judgment under C.R.C.P. 55 and

erred in characterizing the forum selection clause as depriving it of jurisdiction.

¶ 18 Network Solutions' argument that the trial court did not set aside the default judgment as void under C.R.C.P. 60(b)(3), but rather under 60(b)(1)'s excusable neglect standard, ignores the facts of this case. The trial court expressly rejected Network Solutions' 60(b)(1) claim, finding that its argument regarding miscalendaring the answer deadline was "without merit." The court instead focused on Network Solutions' second argument that the forum selection clause rendered the default judgment "void as exclusive jurisdiction for this case rests with certain courts in Virginia." Any doubt as to the trial court's basis for its order is dispelled by its specific characterization of Network Solutions' argument as claiming the judgment was "void" and its elucidation of the standards for challenging a "void judgment."

¶ 19 Finally, Network Solutions' comparison of forum selection clauses to arbitration clauses is inapposite. While we have held that "a valid, enforceable arbitration provision divests trial courts of jurisdiction," *Lane v. Urgitus,* 145 P.3d 672, 679 (Colo.2006), there is a fundamental difference between arbitration clauses and forum selection clauses. In Colorado, enforcement of arbitration clauses is a creature of statute restricting the jurisdiction of the courts. *See id.; see also Hughley v. Rocky Mountain Health Maint. Org., Inc.,* 927 P.2d 1325, 1330 (Colo.1996). Enforcement of forum selection clauses, on the other hand, is a purely contractual matter. Unlike the legislature, parties to a forum selection agreement lack the ability to circumscribe a court's lawful jurisdiction. *See, e.g., ABC Mobile Sys.,* 701 P.2d at 139 (citing Rest. (2d) Conflict of Laws § 80 cmt. a).

¶ 20 Thus, the trial court erred in setting aside the default judgment as void for lack of jurisdiction; forum selection clauses do not

---

**2.** Moreover, Network Solutions waived any potential objection to personal jurisdiction by filing its Motion to Set Aside Default Judgment. *See Weaver Constr. Co. v. Dist. Court,* 190 Colo. 227, 233, 545 P.2d 1042, 1046 (1976) (holding that

where defendant filed a motion to set aside default judgment, and requested that he be permitted to file an answer to merits of the complaint, such request constituted a general appearance waiving objection to personal jurisdiction).

deprive a court of personal or subject matter jurisdiction.

### E. Damages Hearing

¶ 21 Network Solutions argues that, if we find the trial court erred in setting aside the default judgment, we should remand the case for a hearing on damages. We agree.

¶ 22 C.R.C.P. 55(b) permits the trial court to conduct a damages hearing before entering a default judgment. That rule provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

¶ 23 We have interpreted C.R.C.P. 55(b) as requiring the trial court to conduct a hearing if further information is needed to determine damages. "A hearing is unnecessary only in an action for a liquidated amount or a sum calculable by mathematical processes alone." *Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672, 679 (Colo.1987).

¶ 24 The damages Nickerson alleged in connection with his Motion for Default Judgment were neither liquidated nor "calculable by mathematical processes alone." *See id.* Nickerson alleged damages totaling $65,000, including 40 hours of his time at a rate of $75 per hour; $52,000 in lost business opportunities, calculated as "at least 104" opportunities with an "average profit" of $500 each; and an estimated $10,000 harm to his reputation. Conclusory allegations like these are "insufficient to serve as a basis for ... a compensatory damage award" in a default judgment. *Johnston v. S.W. Devanney & Co.,* 719 P.2d

734, 737 (Colo.App.1986). Under these circumstances, the trial court should have conducted an evidentiary hearing to verify the amount of Nickerson's claimed damages and give Network Solutions an opportunity to contest damages. *See Kwik Way Stores,* 745 P.2d at 679 ("[T]he hearing on damages cannot be a one-sided presentation by the prevailing party...").

### Conclusion

¶ 25 In conclusion, we hold that a forum selection clause does not divest a court of jurisdiction but instead presents the question of whether it is reasonable for the court to exercise its jurisdiction in the particular circumstances of the case. Therefore, the trial court erred by vacating the default judgment for lack of jurisdiction due to the existence of a forum selection clause not previously brought to the court's attention. We additionally conclude that the trial court erred by failing to conduct an evidentiary hearing on damages prior to granting the default judgment. We vacate the damages award and remand the case to the trial court to determine damages.

### III.

¶ 26 Accordingly, we make our rule absolute, direct the trial court to reinstate the entry of default, and remand this case for further proceedings consistent with this opinion.