2015 COA 39

**Heidi OSTER, individually and as a member of Horizon Women's Care Professional, LLC; and Horizon Women's Care Professional, LLC, a Colorado limited liability company, Plaintiffs–Appellees,**

v.

**Judy BAACK, Defendant–Appellant.**

**Court of Appeals No. 13CA0760**

Colorado Court of Appeals,
Div. III.

Announced April 9, 2015

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2014.

Allen & Vellone, P.C., Patrick D. Vellone, Jordan Factor, Tatiana G. Popacondria, Denver, Colorado; Lowe, Fell & Skogg, LLC, Kenneth K. Skogg, Dana B. Baggs, Denver, Colorado, for Plaintiffs–Appellees.

Hershey Decker, Kari M. Hershey, Carmen N. Decker, Lone Tree, Colorado, for Defendant–Appellant.

Opinion by JUDGE DAILEY

¶ 1 Defendant, Judy Baack, appeals from the trial court's order denying her C.R.C.P. 60 motion to vacate an award of attorney fees and costs that had previously been entered in favor of plaintiffs, Heidi Oster and Horizon Women's Care Professional, LLC (Horizon).

¶ 2 Baack raises here an issue of first impression, that is, whether a party who has not directly appealed from an order awarding attorney fees and costs may still challenge that award under C.R.C.P. 60. Because, under the particular circumstances of this case, we agree that Baack was entitled to do so, we reverse the trial court's fees and costs award and remand with directions.

## I. Background

¶ 3 Doctors Oster and Baack owned and practiced medicine at Horizon. Oster and Horizon severed Baack's employment following the loss of her medical license and brought a declaratory judgment action seeking, as pertinent here, a declaration that Baack's employment had been terminated "for cause." Under the parties' Employment Agreement, termination "for cause" entitled Baack to only 25% of the value of her ownership interest in Horizon.

¶ 4 Baack counterclaimed, asserting that Oster and Horizon breached the Employment Agreement by purporting to terminate her employment "for cause" instead of for "disability." Termination for disability would have entitled Baack to 100% of the value of her ownership interest in Horizon.

¶ 5 Following a bench trial, the court found for Oster and Horizon on this claim. It also found that Baack had "breached the Employment Agreement and [a second agreement,] the Buy–Sell Agreement[,] by failing to sell her membership interests in Horizon." Five months after entering judgment, the court, over Baack's objection, awarded Oster and

Horizon attorney fees ($199,667.50) and costs ($52,011) under a prevailing party provision in the Employment Agreement.

¶ 6 Baack appealed the trial court's judgment on the Employment Agreement claim. She did not, however, separately appeal the award of attorney fees and costs, nor did she amend her original notice of appeal to encompass the award.

¶ 7 On appeal, a division of this court (1) reversed the part of the judgment concluding that Baack's employment could be considered terminated "for cause"; (2) determined, as a matter of law, that Baack had to be considered terminated for "disability" rather than "for cause"; and (3) remanded the case for entry of an order requiring Oster and Horizon to pay Baack the full value of her interest in Horizon. *See Oster v. Baack,* slip op. at 5–13, 30–31 (Colo. App. No. 11CA0368, 2012 WL 1624391, May 10, 2012) (not published pursuant to C.A.R. 35(f)) (*Baack I*).

¶ 8 After the case had been remanded, Baack filed a C.R.C.P. 60 motion to vacate the attorney fees and costs award, arguing that the award was a "nullity" because *Baack I* had reversed the very ground on which the court had awarded fees and costs under the Employment Agreement (that is, that Oster and Horizon were the prevailing parties on the Employment Agreement claim). The trial court denied Baack's motion, finding that

the court['s] jurisdiction is limited to the issues included in the remand order[;] [Baack] has waived [her] right to contest the court's . . . award of costs and attorney fees by failing to raise the issue on appeal[;] and [Oster] was the prevailing party on the Buy–Sell Agreement which also contains a provision for the award of costs and fees to the prevailing party.

## II. Issues on Appeal

¶ 9 On appeal, Baack contends that the trial court erred in denying her C.R.C.P. 60(b) motion because (1) it had jurisdiction to consider the motion; (2) she was not required to separately appeal the attorney fee and costs award because the *Baack I* division's reversal of the judgment on the Employment Agreement claim nullified the very basis for the award; and (3) the court could

not retroactively rely on the Buy–Sell Agreement as a basis for the attorney fee and costs award. We agree, on all counts.

## III. Standard of Review

¶ 10 As relevant here, C.R.C.P. 60(b) provides for relief from a final judgment or order when the judgment is void, C.R.C.P. 60(b)(3), or "a prior judgment upon which it is based has been reversed or otherwise vacated," C.R.C.P. 60(b)(4).

¶ 11 An appellate court reviews de novo a trial court's denial of a motion under C.R.C.P. 60(b)(3) to set aside a "void" judgment; otherwise, it reviews a trial court's denial of a C.R.C.P. 60(b) motion for an abuse of discretion. *See Werth v. Heritage Int'l Holdings, PTO,* 70 P.3d 627, 628–29 (Colo. App. 2003) (noting that the de novo standard of review for a C.R.C.P. 60(b)(3) motions differs from that for other proceedings under C.R.C.P. 60).

¶ 12 By both enumeration and characterization, Baack presented the trial court with a motion for relief under C.R.C.P. 60(b)(4) and not, as she asserts here, under C.R.C.P. 60(b)(3). Baack's motion is not, contrary to her assertion, cognizable under C.R.C.P. 60(b)(3); its substance is that the award of fees and costs is erroneous, and not that the award is void due to a lack of jurisdiction. *See Nickerson v. Network Solutions, LLC,* 2014 CO 79, ¶ 9, 339 P.3d 526 (For purposes of C.R.C.P. 60(b)(3), "[a] judgment is void if the court lacked personal jurisdiction over the parties or subject matter jurisdiction over the cause of action."); *Winslow v. Williams,* 749 P.2d 433, 436 (Colo. App. 1987) ("A judgment entered without jurisdiction is void. . . . However, if a court with jurisdiction enters a judgment erroneously, that judgment is merely voidable, and is binding upon the parties unless vacated by the trial court or reversed by an appellate court.").

¶ 13 Because Baack's motion did not assert C.R.C.P. 60(b)(3) grounds for relief, it is properly considered (as it was styled in the district court) a C.R.C.P. 60(b)(4) motion, the denial of which is reviewable for an abuse of discretion. "A court abuses its discretion when its decision rests on a misunderstand-

ing or misapplication of the law or when its decision is manifestly arbitrary, unreasonable, or unfair." *Sinclair Transp. Co. v. Sandberg*, 2014 COA 75M, ¶ 26, 350 P.3d 915 (citations omitted).

## IV. Analysis

### A. Trial Court's Jurisdiction on Remand

■ ¶ 14 As an initial matter, Baack asserts that the court had jurisdiction to consider her Rule 60(b) motion. We agree.

■ ¶ 15 "[A]fter an appellate court announces its decision and issues its mandate, the trial court is automatically reinvested with jurisdiction...." *Pet Inc. v. Goldberg*, 37 Colo.App. 257, 258, 547 P.2d 943, 944 (1975). Although a district court must follow the appellate court mandate in subsequent proceedings on remand, *see In re Marriage of Balanson*, 107 P.3d 1037, 1043 (Colo. App. 2004), it may entertain additional motions that do not, expressly or by necessary implication, contravene the mandate. *See generally Super Valu Stores, Inc. v. Dist. Court*, 906 P.2d 72, 78 (Colo. 1995) ("A trial court retains discretion to grant a party leave to amend the pleadings following remand from an appellate court unless such amendment would contravene a mandate that expressly or by necessary implication precludes such amendment."); *Gavend v. Malman*, 946 P.2d 558, 562 (Colo. App. 1997) (although the mandate required the reinstatement of improperly dismissed claims, on remand the court could nonetheless dismiss those claims on alternate grounds); *see also Quern v. Jordan*, 440 U.S. 332, 347 n.18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (" 'While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.' " (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939))).

¶ 16 As pertinent here, the mandate in *Baack I* directed the trial court to award Baack 100% of the value of her interest in Horizon. It did not address any issue related to attorney fees and costs, nor was such an issue before the appellate court. Because neither the mandate nor the division's ruling and supporting rationale was inconsistent with Baack's request to re-examine the basis on which fees and costs were awarded, we conclude the trial court had jurisdiction to consider Baack's request.

### B. Necessity of Separately Appealing the Fee and Costs Award

■ ¶ 17 Baack contends that she did not, under the circumstances, have to separately appeal the fees and costs award, but could seek relief from it under C.R.C.P. 60(b)(4), which, on its face, allows relief from a final judgment or order when "a prior judgment upon which it is based has been reversed or otherwise vacated." We agree.

¶ 18 Divisions of this court have recognized that "when an underlying judgment is reversed, an award that is dependent on that judgment for its validity is also necessarily reversed and becomes a nullity." *Bainbridge, Inc. v. Douglas Cnty. Bd. of Comm'rs*, 55 P.3d 271, 273–74 (Colo. App. 2002); *see Reyher v. State Farm Mut. Auto. Ins. Co.*, 2012 COA 58, ¶ 32, 280 P.3d 64 ("[B]ecause the judgment dismissing [plaintiff]'s claims was reversed in [a prior appeal], the costs and fees related to that dismissal must also be reversed."); *Nichols v. Burlington N. & Santa Fe Ry.*, 56 P.3d 106, 110 (Colo. App. 2002) (award of costs becomes null when judgment supporting that award is reversed); *Nagy v. Landau*, 807 P.2d 1227, 1229 (Colo. App. 1990) (award of attorney fees is necessarily reversed where judgment upon which it relied was reversed).

¶ 19 None of these cases, however, involved a challenge to a fees or costs award under C.R.C.P. 60: in *Nichols* and *Nagy*, the awards were challenged in the same appeals in which the merits of the underlying judgments were resolved; in *Reyher*, the award was challenged in a separate appeal taken from the award itself; and in *Bainbridge*, the award was challenged in the trial court following a reversal on appeal of the underlying judgment.

¶ 20 Oster and Horizon assert that Baack's challenge should have been raised, as in *Reyher*, in a direct appeal from the fees and costs award: an award of attorney fees and/or costs, is, after all, separately appeal-

able from the judgment on the merits. *Catlin v. Tormey Bewley Corp.*, 219 P.3d 407, 415 (Colo. App. 2009) (cost awards); *Kennedy v. Gillam Dev. Corp.*, 80 P.3d 927, 929 (Colo. App. 2003) (attorney fees award); *cf. M Life Ins. Co. v. Sapers & Wallack Ins. Agency, Inc.*, 40 P.3d 6, 14–15 (Colo. App. 2001) (attorney fee award is not final for purposes of appeal until reduced to an amount certain), *overruled on other grounds by Pueblo Bancorporation v. Lindoe, Inc.*, 63 P.3d 353 (Colo. 2003).

¶ 21 As in Colorado, federal courts also allow separate appeals of attorney fees and costs awards. *See, e.g., Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011) ("[A]n order on attorneys' fees is collateral to, and separately appealable from, the judgment."); *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980) ("[W]hen an award of attorneys' fees is made after judgment is entered on the merits, a notice of appeal specifying an appeal from the order awarding attorneys' fees is required."); *see also Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994) ("[C]osts are appealable separately from the merits....").

¶ 22 Importantly, federal courts also allow fees and cost awards to be challenged pursuant to a provision substantively similar to C.R.C.P. 60(b)(4)[1] when the awards are contested solely on the ground of their relationship to the merits of the underlying judgments:

It is only necessary ... for the losing party to make a timely appeal of an [attorney fee] award ... if that party has some basis for challenging the award or he challenges substantive aspects of the fee. If the only reason for challenging the award is to preserve his rights in case this court reverses the [merits] decision, Rule 60(b), Fed. R. Civ. Proc., provides an appropriate remedy.

*Mother Goose Nursery Sch., Inc. v. Sendak*, 770 F.2d 668, 676 (7th Cir. 1985).

¶ 23 As the Ninth Circuit Court of Appeals explained in *Cal. Med. Ass'n v. Shalala*, 207 F.3d 575 (9th Cir. 2000):

Rule 60(b)(5) appears to contemplate exactly the type of motion brought here. Since the fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award. Were we to accept the [former prevailing party's] argument that Rule 60(b)(5) is inapplicable here, we would be hard pressed to figure out where it ever *would* apply.

*Id.* at 577–78 (internal quotation marks omitted; emphasis in original); *see also Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 801, 803 (5th Cir. 2002) (The federal rule "is perfectly designed to accommodate" a situation where the party seeking relief from an attorney fee award does not "challenge[ ] some aspect of the award itself."); *Ass'n for Retarded Citizens, Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995) (The parties' motion for relief from attorney fee award after vacation of merits judgment "would have been correctly granted under Rule 60....").

¶ 24 Commentators also support the availability of relief under Rule 60 in the narrow circumstance where a party challenges a fee or cost award *solely* because of its relationship to an underlying merits judgment that has been reversed or vacated on appeal. *See* 15B Charles Alan Wright et al., *Federal Practice & Procedure* § 3915.6, at 344 (2d ed. 2013) ("If no appeal was taken from the [fee] award, some means must be found to avoid the unseemly spectacle of enforcing a fee award based on a judgment that has been reversed; if court and parties cannot cooperate in a more efficient procedure, relief should be available under Civil Rule 60(b)(5)."); 12 James W. Moore et al., *Moore's Federal Practice* § 60.46[1], at 60–167 (3d ed. 2014) ("Rule 60 ... authorizes a district court to grant relief from an attorney's fee award if the underlying merits judgment that was the basis for the award is vacated on appeal.").

---

**1.** *Compare* Fed. R. Civ. P. 60(b)(5) (permitting, as pertinent here, relief from a judgment "based on an earlier judgment that has been reversed or vacated"), *with* C.R.C.P. 60(b)(4) (permitting, as pertinent here, relief from a judgment where "a prior judgment upon which it is based has been reversed or otherwise vacated").

¶ 25 This position is consistent with the one taken by the division in *Bainbridge,* that is, that, under these circumstances, relief from a fee or cost award is available in the trial court following a reversal on appeal of the underlying judgment. Consistent with *Bainbridge,* federal authorities, and the commentators cited above, we too conclude that "a party must file a separate appeal only when it challenges some aspect of the fee [or cost] award itself. On the other hand, [relief under Rule 60] is available if a party seeks relief *solely* on the ground that the underlying merits judgment is reversed." *See Shalala,* 207 F.3d at 577 (emphasis added).

¶ 26 In this case, although Baack did not separately appeal Oster's and Horizon's attorney fees and costs award, she filed a C.R.C.P. 60(b)(4) motion alleging that the reversal of the Employment Agreement claim in *Baack I* nullified the very "prevailing party" basis upon which the award depended. She did not seek to challenge any aspect of the award itself.[2] Under these circumstances, we conclude that the trial court misunderstood the law in determining that Baack had waived her right to challenge the fees and costs award by failing to present her challenge in a previous, separate appeal of that award. Baack was not required to pursue such an appeal and could properly pursue her limited claim for relief under C.R.C.P. 60(b)(4). *See id.* at 579 (reversing, as an abuse of discretion, the denial of a Rule 60(b) motion for relief when the underlying merits judgment had been reversed).[3]

¶ 27 Ordinarily, we would remand to the trial court to consider the merits of Baack's

C.R.C.P. 60(b)(4) motion. However, we need not do so here.

¶ 28 The trial court awarded fees and costs under the prevailing party provision of the Employment Agreement.

■ ¶ 29 Under a contract's fee-shifting provision, "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 332 (Colo. 1994).

¶ 30 In their complaint, Oster and Horizon alleged only two claims under the Employment Agreement, both for declaratory judgments: (1) that Baack could properly be terminated "for cause"; and (2) when terminated "for cause," she was owed only 25% of her membership interest.[4] The division in Baack I rejected both claims, as a matter of law.

¶ 31 Further, the division held, as a matter of law, that Baack was entitled to prevail on her counterclaim that Horizon and Oster breached the Employment Agreement by purporting to terminate her employment "for cause" instead of for "disability" and failing to pay her 100% of the value of her ownership interest in Horizon.

¶ 32 By anyone's standard, following Baack I, Oster and Horizon could not be considered to be prevailing parties on their Employment Agreement claim.[5] This conclusion is supported by the division's determination that Oster was not a prevailing party on appeal

2. An example of such a challenge would be to the reasonableness of the amount awarded.

3. Oster and Horizon argue that Baack's Rule 60(b) motion was untimely because it was filed seventeen months after the fees and costs award was entered. *See* C.R.C.P. 60(b) (requiring a party, except in a situation not applicable here, to seek relief from a judgment "within a reasonable time"). Baack could hardly have been more prompt, however, in seeking C.R.C.P. 60 relief: she filed her motion just nine days after the supreme court denied Oster and Horizon's petition for certiorari review of the decision in *Baack I. See Ass'n for Retarded Citizens of Conn., Inc. v. Thorne,* 68 F.3d 547, 553 (2d Cir. 1995) (one-month delay between final judgment on appeal and filing of Rule 60 motion challenging attorney fee award was not unreasonable); *see also Galla-*

*tin Fuels, Inc. v. Westchester Fire Ins. Co.,* No. CIV. A. 02–2116, 2007 WL 3231829, at *2 (W.D. Pa. Oct. 31, 2007) (unpublished opinion) (rule 60(b) motion for relief from attorney fee award filed "within less than two weeks of the Third Circuit's mandate" was timely).

4. Notably, the Employment Agreement did not contain any provision that Baack could have breached by failing to sell her membership interest, and Oster and Horizon sought relief for Baack's failure to sell her membership interest under the Buy–Sell Agreement only.

5. At oral argument, Oster's and Horizon's counsel asserted, for the very first time, that, after *Baack I,* Oster and Horizon remained the prevailing parties under the Employment Agreement because they had successfully argued that

with regard to the Employment Agreement claim in *Baack I*. *See Baack I*, slip op. at 30 ("Oster's request [for appellate fees] is made pursuant to the prevailing party attorney fee provision in Baack's employment agreement. However, because, on appeal, she was unsuccessful with regard to the issues related to that agreement, she cannot obtain appellate attorney fees on that basis.").

¶ 33 Undaunted, Oster and Horizon assert that they could be considered prevailing parties under the Employment Agreement because the court, at one point, found that Baack had "breached the Employment Agreement and the Buy–Sell Agreement by failing to sell her membership interests in Horizon." However, in the trial court, Oster and Horizon sought relief for Baack's failure to sell her membership interest only under the Buy–Sell Agreement. By contrast, the Employment Agreement did not contain any provision that Baack could have breached by failing to sell her membership interest. And as will be demonstrated in the next section, the Buy–Sell Agreement did not, under the facts of this case, authorize the recovery of prevailing party fees and costs.

### C. Fees and Costs Under the Buy–Sell Agreement

¶ 34 Oster and Horizon argue that the trial court's denial of relief to Baack can be upheld based on the trial court's determination that they were independently entitled to fees and costs under the Buy–Sell Agreement. We are not persuaded.

¶ 35 The interpretation of a contract is a question of law subject to de novo review by this court. *See Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 912 (Colo. 1996). Here, the pertinent language in the Buy–Sell Agreement provided: "The prevailing party in any … arbitration shall be entitled to the reasonable costs and attorney fees incurred in the arbitration." Because arbitration did not occur in the case, the Buy–Sell Agreement could not support an award of fees and costs to Oster and Horizon. *See, e.g., Randall & Blake, Inc. v. Metro Wastewater*

*Reclamation Dist.*, 77 P.3d 804, 806 (Colo. App. 2003) (if a contract is clear and unambiguous, it must be enforced as written).

### V. Attorney Fees and Costs on Appeal

¶ 36 Both parties request attorney fees and costs on appeal: Oster and Horizon under the prevailing party provision of the Buy–Sell Agreement, and Baack under the prevailing party provision of the Employment Agreement.

¶ 37 Because, for reasons stated above, the prevailing party provision of the Buy–Sell Agreement is inapplicable, Oster and Horizon are not entitled to recover fees and costs thereunder. As in *Baack I*, however, Baack is the prevailing party on appeal and under the Employment Agreement is entitled to a reasonable amount of appellate attorney fees and costs. *See Ranta Constr., Inc. v. Anderson*, 190 P.3d 835, 847 (Colo. App. 2008) (prevailing party on appeal awarded reasonable attorney fees and costs under prevailing party provision in contract).

¶ 38 Because the trial court is better situated to make the necessary factual determinations related to Baack's attorney fee and costs request, we exercise our discretion under C.A.R. 39.5 and direct the trial court on remand to award Baack a reasonable amount of attorney fees and costs incurred on appeal.

### VI. Conclusion

¶ 39 The order is reversed and the case is remanded to the trial court with directions to vacate Oster's and Horizon's fee and costs award, *see Shalala*, 207 F.3d at 579 (directing the district court to vacate the fee award and order restitution of fees), and to award Baack a reasonable amount of attorney fees and costs incurred on appeal.

JUDGE WEBB and JUDGE RICHMAN concur.

---

Baack's employment could be terminated, regardless of the basis for that termination. Aside from the fact that we do not consider arguments raised for the first time at oral argument, *Fiscus v. Liberty Mortg. Corp.*, 2014 COA 79, ¶ 48 n.2, —— P.3d ——, Baack never contested that her employment could be terminated, nor did the court make any findings in that regard. Rather, the issue at trial was the *basis* for the termination of her employment.