25CA0114 Woodruff v Cornerstone 05-28-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0114
City and County of Denver District Court No. 23CV31623
Honorable Sarah B. Wallace, Judge

Courtney Woodruff, Gheri Smith, Cristobal Zambrano, Shannon Copeland, Casey Hodges, Joshua Shipley, and Wesley Morgan,

Plaintiffs-Appellees,

v.

Cornerstone Apartment Services, Inc.; RedPeak Properties, LLC; Echelon Property Group, LLC; Colorado Apartment Association, Inc.; and Asset Living, LLC,

Defendants-Appellants.

_____

ORDER AFFIRMED

Division I
Opinion by JUDGE GROVE
J. Jones and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 28, 2026

_____

Haddon, Morgan and Foreman, P.C., Ty Gee, Jacob McMahon, Denver, Colorado; Carol Kennedy, Denver, Colorado, for Plaintiffs-Appellees

Womble Bond Dickinson (US) LLP, Frederick J. Baumann, Angela M. Vichick, Joseph Hykan, Denver, Colorado, for Defendant-Appellant Cornerstone Apartment Services, Inc.

Bryan Cave Leighton Paisner LLP, Timothy M. Reynolds, Marcia M. Levitan-Haffar, Boulder, Colorado, for Defendant-Appellant RedPeak Properties, LLC

Clark Hill PLC, Stefanie Mann Chadha, Claire E. Wells Hanson, Darren B. Kaplan, Denver, Colorado, for Defendants-Appellants Echelon Property Group, LLC and Asset Living, LLC

Greenberg Traurig LLP, Naomi Beer, H. Camille Papini-Chapla, Denver, Colorado for Defendant-Appellant Colorado Apartment Association, Inc.

¶ 1     Defendants, Cornerstone Apartment Services, Inc.; RedPeak Properties, LLC; Echelon Property Group, LLC; and Asset Living, LLC (collectively, the landlords), as well as the Colorado Apartment Association, Inc. (collectively with the landlords, the defendants), appeal the district court's order denying their motion for attorney fees in a case brought against them by plaintiffs, Courtney Woodruff, Gheri Smith, Cristobal Zambrano, Casey Hodges, Joshua Shipley, Wesley Morgan, and Shannon Copeland (collectively, the tenants).  We affirm.

## I.     Attorney Fees

¶ 2     The tenants filed a putative class action lawsuit alleging that the defendants illegally collected attorney fees from the tenants related to forcible entry and detainer (FED) actions and were liable for civil theft, deceptive trade practice, and civil conspiracy.  The tenants also asserted an equitable claim for unjust enrichment.

¶ 3     Before proceeding with discovery or class certification, the district court considered the legal question underpinning the tenants' claims: whether the landlords' attorney fees collection practices were permitted by the governing FED statutes.  In a detailed written order, the court found that the landlords' practices

were permissible under the statutes that were in effect at the time that the tenants executed their leases. The tenants sought reconsideration of the court's order and filed a second amended complaint. The district court denied the motion and then dismissed the entire action based on its previous conclusion that the landlords' practices were not prohibited by statute.

¶ 4    The defendants then filed a motion for attorney fees pursuant to section 13-17-201, C.R.S. 2025. The district court denied the motion.

¶ 5    The tenants separately appealed the district court's judgment dismissing their claims. In a contemporaneous opinion, we reverse the judgment of dismissal against all defendants and remand the case for further proceedings. *See Woodruff v. Tschetter,* slip op. at ¶ 39 (Colo. App. No. 24CA1323, May 28, 2026) (not published pursuant to C.A.R. 35(e)).

¶ 6    The defendants now appeal the district court's denial of their motion for attorney fees. Given our disposition of the tenants' appeal, we conclude that the defendants were not entitled to an attorney fees award. We therefore affirm the district court's order, albeit on different grounds. *See Oster v. Baack,* 2015 COA 39, ¶ 18

(collecting cases providing that when an underlying judgment is reversed, an award that is dependent on that judgment for its validity is also necessarily reversed and becomes a nullity); *see also Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo. App. 2004) (holding that a district court's judgment may be affirmed on different grounds that are supported by the record).

## II. Disposition

The order is affirmed.

JUDGE J. JONES and JUDGE SCHUTZ concur.