207 F.3d 575 (9th Cir. 2000)
 CALIFORNIA MEDICAL ASSOCIATION; CALIFORNIA ACADEMY OF FAMILY PHYSICIANS; CALIFORNIA SOCIETY OF ANESTHESIOLOGISTS; CALIFORNIA UROLOGICAL ASSOCIATION; CALIFORNIA CHAPTER OF THE AMERICAN COLLEGE OF EMERGENCY PHYSICIANS; CALIFORNIA CHAPTER OF THE AMERICAN COLLEGE OF CARDIOLOGY; CALIFORNIA SOCIETY OF INTERNAL MEDICINE; CALIFORNIA SOCIETY OF PHYSICAL MEDICINE & REHABILITATION; CALIFORNIA RADIOLOGY SOCIETY, CHAPTER OF THE AMERICAN COLLEGE OF RADIOLOGY, Plaintiffs-Appellees,
v.
DONNA E. SHALALA, Secretary of United States Department of Health and Human Services, Defendant,
and
KIMBERLY BELSHE, Director of the California Department of Health Services, Defendant-Appellant.
 No. 98-56134
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted June 7, 1999--Pasadena, California
Decided March 22, 2000
 
 Charlton G. Holland, III, Assistant Attorney General, San Francisco, California, argued the cause for the defendantappellant. With him on the briefs was Daniel E. Lungren, Attorney General.
 William J. Bush, Hanson, Bridgett, Marcus, Vlahos & Rudy, San Francisco, California, argued the cause for the plaintiffsappellees. With him on the briefs was Craig J. Cannizzo.
 Appeal from the United States District Court for the Central District of California; J. Spencer Letts, District Judge, Presiding. D.C. No. CV-96-03033-JSL
 Before: Alex Kozinski and Ferdinand F. Fernandez, Circuit Judges, and Raner C. Collins,* District Judge.
 KOZINSKI, Circuit Judge:
 We consider whether a party that has paid its adversary's attorney's fees can petition under Fed. R. Civ. P. 60(b)(5) for relief from the fee judgment, if the underlying merits judgment is reversed.
 * California Medical Association and the other plaintiffs (collectively the "Associations") provide medical services to Medicare beneficiaries. The Associations sued for higher reimbursements under 42 U.S.C. S 1983 and the Medicare statute, 42 U.S.C. S 1396 et seq. The district court ruled for the Associations and subsequently granted their 42 U.S.C. S 1988 motion for attorney's fees from the Director of the California Department of Health Services, Kimberly Belshe. Belshe promptly paid the fee award. She appealed the district court's merits decision, but not the fees.
 We reversed based on an intervening clarification of the Medicare statute. See Beverly Community Hosp. Ass'n v. Belshe, 132 F.3d 1259, 1267 (9th Cir. 1997). Belshe asked the Associations for return of the fees, but was rebuffed. She then moved under Fed. R. Civ. P. 60(b)(5) for relief from the fee award and restitution of the fees. Belshe reasoned that the award was no longer valid because it was based on a judgment that had been vacated.
 
 
 1
 The district court denied Belshe's motion on the ground that her appeal on the merits had been taken for purposes of delay and, as an equitable matter, she was therefore not entitled to restitution. Belshe appeals.
 
 II
 
 2
 A. Typically, a party may obtain relief from a judgment awarding attorney's fees in one of two ways. First, it may appeal the fee award as it would any final judgment. A party using this method would file a notice of appeal within 30 days of the order awarding fees. See Fed. R. App. P. 4(a)(1)(A). If the party had also appealed the underlying merits judgment-as is usually the case--the two appeals would proceed independently, but either party could petition for consolidation. See Fed. R. Civ. P. 42(a). Second, the party could move under Fed. R. Civ. P. 58 to enlarge the time to appeal the underlying judgment until the fee judgment is rendered. See Fed. R. App. P. 4(a)(4)(A)(iii). The party could then appeal the merits judgment and the fee award together.
 
 
 3
 Belshe followed neither method--in fact, she did not appeal the fee award at all. The fee judgment thus became final and could be set aside only through amotion for relief. Belshe pursued this route by filing a Rule 60(b)(5) motion after we reversed the merits judgment. The Seventh Circuit approved this procedure in Mother Goose Nursery Schools, Inc. v. Sendak, 770 F.2d 668 (7th Cir. 1985). In Mother Goose, a nursery school brought a section 1983 claim against Sendak, Indiana's Attorney General,[1] for refusing to approve its contract with the State. The district court ruled in Mother Goose's favor, and subsequently granted its motion for section 1988 attorney's fees. Sendak appealed both the merits judgment and the fee award. See id. at 669.
 
 
 4
 The Seventh Circuit reversed the merits, holding that Sendak was immune from Mother Goose's suit. See id. at 675. Turning to the fees, the court stated that the award "must obviously be vacated in light of our holding that Sendak is immune from liability." Id. The court went on to address Sendak's request that it dispense with the rule that a losing party in a section 1983 action must file two appeals, one from the merits judgment and the other from the fee award. See Terket v. Lund, 623 F.2d 29, 32-33 (7th Cir. 1980). In rejecting Sendak's contention that the two-appeal rule did not serve judicial economy, the court drew a common-sense distinction between situations where a second appeal is necessary and situations where it is not:
 
 
 5
 It is only necessary . . . for the losing party to make a timely appeal of an award under Section 1983 if that party has some basis for challenging the award or he challenges substantive aspects of the fee. If the only reason for challenging the award is to preserve his rights in case this court reverses the Section 1983 decision, Rule 60(b), Fed. R. Civ. Proc., provides an appropriate remedy.
 
 
 6
 Mother Goose, 770 F.2d at 676. Mother Goose thus held that a party must file a separate appeal only when it challenges some aspect of the fee award itself. On the other hand, Rule 60(b)(5) is available if a party seeks relief solely on the ground that the underlying merits judgment is reversed.
 
 
 7
 Although the discussion in Mother Goose was probably dicta,[2] the Seventh Circuit applied its teaching in Maul v. Constan, 23 F.3d 143 (7th Cir. 1994). Maul held that the denial of a Rule 60(b)(5) motion for relief from a section 1988 fee award was an abuse of discretion where the merits judgment was reduced to nominal damages on appeal. See id. at 145, 147. The Second Circuit has come to the same conclusion. See Association for Retarded Citizens of Connecticut, Inc.v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995). Commentators agree. See 15B Charles Alan Wright et al., Federal Practice & Procedure S 3915.6, at 344 (2d ed. 1992) ("If no appeal was taken from the award, some means must be found to avoid the unseemly spectacle of enforcing a fee award based on a judgment that has been reversed; if court and parties cannot cooperate in a more efficient procedure, relief should be available under Civil Rule 60(b)(5)."); 6 Federal Procedure, L. Ed. S 11:188, at 221 & n.28 (1989) (party may file Rule 60(b)(5) motion rather than appeal fee award it otherwise would not challenge) (citing Mother Goose).
 
 
 8
 The text of Rule 60(b)(5) supports this approach. The Rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . [if] a prior judgment upon which it is based has been reversed or otherwise vacated." Fed. R. Civ. P. 60(b). As the district court noted, "Rule 60(b)(5) appears to contemplate exactly the type of motion brought here." Since the fee award is based on the merits judgment,reversal of the merits removes the underpinnings of the fee award. Were we to accept the Associations' argument that Rule 60(b)(5) is inapplicable here, we would be hard pressed to figure out where it ever would apply.
 
 
 9
 Tomlin v. McDaniel, 865 F.2d 209 (9th Cir. 1989), is entirely consistent. Tomlin's complaint was dismissed as time barred under Arizona law. We affirmed and the judgment became final. The Arizona Supreme Court then issued a decision in an unrelated case and, under this new authority, Tomlin's complaint would have been timely. Tomlin moved to set aside the judgment in his case, arguing that it was based on a prior judgment that was reversed when the Arizona Supreme Court altered the law as to the statute of limitations. We held that changes in the law are insufficient to trigger Rule 60(b)(5), as the "relation between the present judgment and the prior judgment must . . . be closer than that of a later case relying on the precedent of an earlier case." Id. at 211. We noted, by contrast, that Rule 60(b)(5) does apply where the judgment in question is "based on a prior judgment reversed or otherwise vacated--based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding." Id. at 210-11 (emphasis in original). Here, the merits judgment did not serve as mere precedent for the fee award. Instead, it provided the ground on which the Associations based their motion for fees. Even the Associations concede that the fee award is "part of the same proceeding" as the merits judgment.
 
 
 10
 The Associations' reliance on Ackermann v. United States, 340 U.S. 193 (1950), and Title v. United States, 263 F.2d 28 (9th Cir. 1959), is similarly misplaced. In both cases, the aggrieved party did not properly appeal any part of the judgment against it. Because the parties failed to preserve their challenges to the adverse judgments, they could not subsequently move for relief under Rule 60(b)(5). See Ackermann, 340 U.S. at 198; Title, 263 F.2d at 30-31. Belshe, by contrast, preserved her challenge to the fee award by appealing the merits judgment on which it was based. A separate appeal of the fee award would have been a meaningless formality, as Belshe had no quarrel with the award beyond her contention that she should have prevailed on the merits, and thus owed no fees at all. As Mother Goose held, this is precisely the scenario under which a Rule 60(b)(5) motion rather than a separate appeal of the fee award is appropriate. See Mother Goose, 770 F.2d at 675-76.
 
 
 11
 Nor does our conclusion run afoul of Kennedy v. Applause, 90 F.3d 1477 (9th Cir. 1996), which holds that an appeal from a fee award is " `mandatory and jurisdictional.' " Id. at 1482 (citation omitted). In Kennedy, the fee appeal was premature, which meant that it was not filed "within 30 days after the judgment" awarding fees. Fed. R. App. P. 4(a)(1)(A). Because the award was not properly appealed, we lacked jurisdiction to consider the appeal. See id. at 1482-83. Kennedy thus deals with the manner of perfecting an appeal, not with the application of Rule 60(b)(5) to set aside a judgment that has become final; it has no bearing on our case.
 
 
 12
 B. Though the district court held that Rule 60(b)(5) applies to Belshe's situation, it nonetheless denied her motion on equitable grounds. While the Rule allows for the exercise of discretion, we conclude that the district court abused its discretion in denying Belshe relief. The district court held that Belshe filed her merits appeal for purposes of delay, as an unbroken line of authority favored the Associations' position. But Belshe prevailed in her appeal. An appeal that turns out to be successful cannot have been vexatious. That our opinion was based on an intervening statutory clarification is of no moment. It is hardly improper for a litigant to file an appeal in the hope of keeping an issue open while favorable legislation is under consideration.
 
 
 13
 Finally, the Associations argue that returning the fees would be inequitable because they relied on the finality of the fee judgment. The Associations raised this point below but the district court did not reach it. We would normally remand for the district court to exercise its discretion, but our review of the record discloses no ground on which the district court could deny Belshe relief. See, e.g., Maul, 23 F.3d at 147.
 
 Conclusion
 
 14
 The district court abused its discretion in denying Belshe's motion for relief from the fee judgment and restitution of the fees paid. We remand for entry of an order vacating the fee award and ordering the Associations to make restitution. We deny Belshe's request for the award of interest, as she does not cite any authority under which interest would be warranted.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.
 
 
 [1]
 Not Sendak, the famous author of children's books. See Mother Goose, 770 F.3d at 669 n.1.
 
 
 [2]
 The Mother Goose court did not explain why it discussed the applicability of Rule 60(b)(5) in an opinion involving a direct appeal.