Samantha J. **COMFORT**, on behalf of her minor child and next friend, Elizabeth **NEUMYER**, et al, Plaintiffs,

v.

**LYNN SCHOOL COMMITTEE,**
et al, Defendants.

Civil Action No. 99cv1181–NG.

United States District Court,
D. Massachusetts.

March 31, 2008.

Ranjana C. Burke, Richard W. Cole, Maura T. Healey, Attorney General's Office, Boston, MA, George S. Markopoulos, City Solicitor's Office, City of Lynn, John C. Mihos, Lynn, MA, for Defendants.

Norman J. Chachkin, Dennis D. Parker, NAACP Legal Defense & Educational Fund, Inc., New York, NY, Nadine M. Cohen, Lawyers' Committee for Civil Rights Under Law, Boston, MA, for Movants.

Chester Darling, Andover, MA, Michael Williams, Lawson & Weitzen, LLP, Boston, MA, for Plaintiffs.

Ross Wiener, U.S. Department of Justice Educational Opportunities, Washington, DC, for Interested Party.

## MEMORANDUM AND ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT

GERTNER, District Judge.

This case comes before this Court on the plaintiffs' Motion for Relief from Final Judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure (document # 231). By their motion, the plaintiffs seek to reopen a 1999 case which unsuccessfully challenged the school assignment plan in Lynn (the "Lynn Plan"). The case was dismissed over five years ago, after a lengthy trial, *Comfort ex rel. Neumyer v. Lynn Sch. Comm.* ("*Comfort I*"), 283 F.Supp.2d 328 (D.Mass.2003) (document # 214), then affirmed by the First Circuit Court of Appeals sitting en banc, *Comfort v. Lynn Sch. Comm.* ("*Comfort II*"), 418 F.3d 1 (1st Cir.2005). The Supreme Court denied certiorari. 546 U.S. 1061, 126 S.Ct. 798, 163 L.Ed.2d 627 (2005).

The plaintiffs' actions are understandable. Two Supreme Court decisions issued in June 2007, *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1,* —— U.S. ——, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007), they argue, have changed equal protection law as applied to school assignment plans in their favor. While they concede that issues concerning the Lynn plan need to be re-litigated in the light of this new precedent, they seek to do it by reopening the 1999 case rather than filing a new lawsuit. *See* Mem. Supp. Pls.' Mot. for Relief from Final J. ("Pl.Mem.") at 2–3 (document # 232). The defendants oppose the motion. Defs.' Mem. Opp. Pls.' Mot. for Relief from Final J. ("Def.Mem.") (document # 233).

The problem is a procedural one. The Federal Rules of Civil Procedure place considerable importance on the finality of judgments, even as legal precedents come and go. Parties who complete litigation must be able to expect that a court's decision will continue to have effect. Accordingly, the Rules preclude reopening cases except in certain narrow circumstances not applicable here. Because the plaintiffs have not met the procedural requirements for relief from final judgment under the Federal Rule, their Motion is **DENIED.**

That surely does not mean, as the plaintiffs have suggested—hyperbolically, to be sure—that they have no other recourse, that "[w]ithout [60(b)(5) ] relief the Plaintiffs would be the only school children in America who lack the equal protection rights established by the [Supreme] Court in *Parents Involved.*" Pl. Mem. at 2 (document # 232). The appropriate way to litigate these issues is to file a new and related complaint, challenging the Lynn school assignment plan *as it now exists* in 2008, not as it existed in 1999 when the first suit was filed, or in 2003, when the trial took place, with new plaintiffs *who are now attending* the Lynn schools, and apply the recent Supreme Court law to it.

In denying this Motion, the Court expresses no view whatsoever as to whether *Parents Involved* would require a finding that the Lynn Plan is unconstitutional. (Indeed, even the plaintiffs conceded at oral argument that the issue needed to be *litigated* to determine the application of *Parents Involved* to the facts of the Lynn plan today.) Rather, this holding is based entirely on the requirements of the Federal Rule under which the plaintiffs seek relief.

The sole provision of the Federal Rules upon which the plaintiffs rely is Rule 60(b)(5). *See generally* Pl. Mem. (document # 232). Under that Rule, a federal court

may relieve a party … from a final judgment, order, or proceeding for the

following reasons: ... the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed.R.Civ.P. 60(b)(5). The rule contains three clauses; because it is written in the disjunctive, the Rule indicates that relief may be granted if any of them are fulfilled. Because judgment entered for the defendants, this is not a situation in which "the judgment has been satisfied, released, or discharged." That clause is inapplicable and will not be addressed. The plaintiffs' Motion, however, may colorably be addressed under either of the other two provisions, and they are discussed in turn.[1]

## I. SECOND CLAUSE: WHETHER THIS COURT'S JUDGMENT WAS "BASED ON" AN EARLIER JUDGMENT THAT HAS BEEN OVERRULED OR VACATED

The second clause of Rule 60(b)(5) permits relief when the Court's final judgment was "based on an earlier judgment that has been reversed or vacated." The plaintiffs argue that this Court's decision in *Comfort I* was based "on the same legal principles [as those asserted by the defendants in *Parents Involved*], principles the Supreme Court has now overturned." Pl. Mem. at 2 (document #232). But a change in "legal principles" or precedent— even an important one—is insufficient to invoke relief under this clause of the Rule. The law could not be clearer on this score in this Circuit and across the country.

The First Circuit has explained that the language of this clause of Rule 60(b)(5) is to be construed narrowly.

For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense. It is not sufficient that the prior judgment provides only precedent for the action.

*Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 650 (1st Cir.1972) (citations omitted). Thus, even if the line of precedent upon which this Court relied in *Comfort I* was significantly altered by *Parents Involved*, *Comfort I* was not "based on" that line of precedent in a manner cognizable under 60(b)(5).

This point is made clear by explaining the facts underlying the First Circuit's decision in *Lubben*. In that case, the district court whose judgment was on appeal had heavily relied on another district court opinion, *Lane v. Local Bd. No. 17*, 315 F.Supp. 1355 (D.Mass.1970). After the district court issued its opinion in *Lubben*, the First Circuit overturned *Lane*. Indeed, based on a newly decided Supreme Court decision, the First Circuit had held that the *Lane* district court had been without jurisdiction to consider the matter. *See Lubben v. Local Bd. No. 27*, 453 F.2d 645 (1st Cir.1972), *discussed in Lubben*, 453 F.2d at 648. Despite that, because the district court's judgment in *Lane* was not a "necessary element" of the *Lubben* district court's decision, the First Circuit affirmed

---

1. The Court declines to consider the Motion under any other provision of Rule 60(b), including Rule 60(b)(6). The plaintiffs did not brief the issues for that provision of the Rule, and their Memorandum makes it clear that they rely on 60(b)(5).

Moreover, in addition to the textual requirements of Rule 60(b)(5), the First Circuit has established a set of prerequisites to the granting of any Rule 60(b) motion. *United States v. Kayser–Roth Corp.*, 272 F.3d 89, 95 (1st Cir. 2001) (citing *Teamsters Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992)). The Court, however, finds it unnecessary to apply the *Kayser–Roth* criteria because it holds that the plaintiffs are not eligible for relief under any provision of Rule 60(b)(5).

the permanent injunction that the district court had entered in *Lubben. Lubben,* 453 F.2d at 650.

Other courts similarly restricted the reach of this clause of Rule 60(b)(5). *See Tomlin v. McDaniel,* 865 F.2d 209 (9th Cir.1989) (holding that "the application of Rule 60(b)(5) is limited to a judgment *based* on a prior judgment reversed or otherwise vacated—based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding"). *See also, e.g., Harris v. Martin,* 834 F.2d 361, 364–365 (3d Cir.1987) (citing *Mayberry v. Maroney,* 558 F.2d 1159, 1164 (3d Cir.1977), for the proposition that "the 'prior judgment' clause of rule 60(b)(5) 'does not contemplate relief based merely upon precedential evolution' "); *Bailey v. Ryan Stevedoring, Inc.,* 894 F.2d 157, 160 (5th Cir.1990) (citing *Lubben* for the proposition that "[i]t is not sufficient that the prior judgment provides only precedent").[2]

The principal Supreme Court case upon which the plaintiffs rely, *Agostini v. Felton,* 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), is not to the contrary. In that case, the Supreme Court considered whether a consent decree should be vacated because of a change in precedent, but it applied the *third* clause of Rule 60(b)(5)—that it was "no longer equitable that the judgment should have prospective application"—not the second. *See id.* at 215, 117 S.Ct. 1997 (quoting only the por-

tion of Rule 60(b)(5) that permits relief when "it is no longer equitable that the judgment should have prospective application"); *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992) (same); *Theriault v. Smith,* 523 F.2d 601, 601 n. 3 (1st Cir.1975) (interpreting "the final clause of Rule 60(b)(5)"). The Court therefore turns to that argument now.

## II. THIRD CLAUSE: WHETHER PLAINTIFFS MAY SEEK RELIEF BECAUSE IT IS NO LONGER EQUITABLE THAT THIS COURT'S JUDGMENT HAVE "PROSPECTIVE APPLICATION"

The third clause of Rule 60(b)(5) allows a court to relieve a party from final judgment where "applying it prospectively is no longer equitable." This is clearly the crux of the plaintiffs' argument: they contend that "[t]he continued application of the final judgment to the Plaintiffs makes this judgment prospective in nature." Pl. Mem. at 2 (document # 232). The defendants argue that the plaintiffs do not meet the requirements of Rule 60(b)(5) for such relief because, among other reasons, this Court's dismissal of the plaintiffs' case was not a judgment with "prospective application" as the Rule requires. Def. Mem. at 17–19 (document # 233). The defendants are correct. This clause permits an equitable adjustment of an equitable remedy,

---

**2.** Cases like *Lubben* might leave the reader with a question: where does this clause of Rule 60(b)(5) apply? One good example is the Ninth Circuit's decision in *California Medical Association v. Shalala,* 207 F.3d 575 (9th Cir.2000). In that case, the plaintiff brought a suit under 42 U.S.C. § 1983, a statute that permits a successful plaintiff to recover attorney's fees, as well as damages, from the defendant. In *California Medical Association,* the plaintiffs won their suit on the merits and also won attorneys' fees. The defendant appealed the merits decision, but not the fee award. *Id.* at 576. The Ninth Circuit agreed

with the defendant and reversed the district court's decision on the merits. *See id.* Back at the district court, the defendant moved to vacate the fee award under Rule 60(b)(5) because it was "based on" the merits decision. The district court denied the motion, but the Ninth Circuit reversed. It held that "[s]ince the fee award is based on the merits judgment, reversal of the merits removes the underpinning of the fee award." *Id.* at 577–78. Indeed, it was so closely related that the district court abused its discretion in denying the motion. *See id.* at 579.

such as injunctive relief. It does not permit the revival of a dismissed case.

The parties agree that the Rule requires that the judgment sought to be lifted have some sort of prospective effect. *See Agostini*, 521 U.S. at 239, 117 S.Ct. 1997 ("The clause of Rule 60(b)(5) that petitioners invoke applies by its terms only to judgment[s] hav[ing] prospective application.... Our decision will have no effect outside the context of ordinary civil litigation where the propriety of continuing prospective relief is at issue." (modifications in *Agostini* ) (citation omitted)). The point of contention is whether an order of dismissal has that effect. *See* Pl. Mem. at 2 (document # 232) (arguing that the possibility of estoppel makes the judgment prospective in nature); Def. Mem. at 17–18 (document # 233) (arguing that it does not).

The plaintiffs' argument proves far too much. The fact that they "face arguments based on res judicata," Pl. Mem. at 4 (document # 232), merely articulates the general scope of any judgment. If the plaintiffs' reading were accepted, *every* judgment would be subject to a motion under Rule 60(b)(5). That would contravene the clear intent of the Rule to limit its availability to judgments which, like consent decrees, involve the supervision of changing conditions or otherwise require further acts in the future. *See Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C.Cir.1988).

By contrast, the Court's decision in this case entirely cleared the defendants of any future legal obligations based on the plaintiffs' complaint. It had no legal effect on the plaintiffs beyond the dismissal of their suit. It had no future effects whatsoever beyond the usual preclusion.

Again, as with plaintiffs' previous argument, nearly every Circuit Court of Appeals to decide the issue has held that a dismissal is not a judgment with prospective application. *See Coltec Indus., Inc. v.*

*Hobgood*, 280 F.3d 262, 272–73 (3d Cir. 2002); *Twelve John Does*, 841 F.2d at 1138–39; *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir.1984) (per curiam); *cf., e.g., Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir.1997) (holding a declaratory judgment regarding a contract not to have prospective effect); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275–76 (2d Cir.1994) (holding judgments at law generally not to have prospective application). *But see Kirksey v. City of Jackson*, 714 F.2d 42, 44–45 (5th Cir.1983) (stating in dictum that if an intervening change in the applicable law would cause manifest injustice, a 60(b)(5) motion could be granted), *limited by Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 & n. 8 (5th Cir.1990). The plaintiffs offer no reason to depart from that well-established principle here.

### III. *CONCLUSION*

For the foregoing reasons, the plaintiffs are ineligible to seek relief under Federal Rule of Civil Procedure 60(b)(5). Their Motion for Relief from Final Judgment (document # 231) is consequently **DENIED.**

**SO ORDERED.**