NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  VICKIE LYNN MARSHALL, <br><br> Debtor, <br> ———————————————— <br><br> ELAINE T. MARSHALL, as independent executrix of the estate of E. Pierce Marshall, <br><br> Plaintiff-Appellee, <br><br>  v. <br><br> HOWARD STERN, as Executor of the Estate of Vickie Lynn Marshall, <br><br> Defendant-Appellant. | No.  17-55789 <br><br> D.C. No. 8:01-cv-00097-DOC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before:  D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,** District Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Like visiting an old friend, we turn once again to this decades-old dispute over the estate of Texas oil baron J. Howard Marshall II. Vickie Lynn Marshall (better known as Anna Nicole Smith) filed a compulsory counterclaim in her bankruptcy proceeding asserting that E. Pierce Marshall tortiously interfered with a multi-million dollar inter-vivos gift Vickie was to receive from J. Howard, Vickie's then-husband and Pierce's father.[1] We held in 2010 that Vickie's claim for tortious interference with a gift failed because it required factual showings precluded by an earlier Texas probate court judgment. Following our opinion and entry of judgment below, that Texas probate judgment—after having been stayed for thirteen years—went up on appeal, where the Texas Court of Appeals affirmed it after making some modifications. Seizing the opportunity, Vickie returned to California and brought a motion in the district court under Federal Rule of Civil Procedure 60(b)(5)–(6) for relief from the judgment, grounded on the modifications to the preclusive Texas judgment. The district court denied the motion, finding that it was bound by our mandate and did not have jurisdiction in the case. Vickie appeals.

---

[1] Both Vickie Lynn Marshall and E. Pierce Marshall have since died and are represented by their estates. For clarity in discussing proceedings that have occurred over two decades with multiple representatives, we refer to the parties as "Vickie" and "Pierce," and to J. Howard Marshall II as "J. Howard."

17-55789

We start with the question of whether the district court had jurisdiction over Vickie's Rule 60(b) motion before turning to its merits. We review questions of jurisdiction over a Rule 60(b) motion de novo. *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992) (en banc).

First, the district court incorrectly held the rule of mandate eliminated its jurisdiction here. The rule of mandate proscribes the jurisdiction of the lower court following an appellate decision, *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007), and prevents re-litigation of "whatever was before [the] court, and disposed of by its decree," *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). The mandate, however, "relates to the record and issues then before the court, and does not purport to deal with possible later events." *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976). "[O]nce the appellate mandate has issued, leave of this court is not required for district court consideration of a Rule 60(b) motion." *Gould v. Mut. Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986).

The district court had jurisdiction notwithstanding the mandate. Vickie's Rule 60(b) motion was based on "later events" not before us or disposed of by us in 2010: the Texas Court of Appeals' modifications to the preclusive judgment in 2015. That we previously reversed and directed judgment for Pierce is irrelevant, because our decisions are based on legal reasoning, not *ipse dixit*. A district court

3                                                                                    17-55789

has jurisdiction to hear even frivolous Rule 60(b) motions, so whether a later event is material is similarly irrelevant. *Standard Oil*, 429 U.S. at 18–19.

Second, the district court incorrectly held it lacked jurisdiction to consider the Rule 60(b) motion because it heard the case through its bankruptcy appellate jurisdiction and had disclaimed jurisdiction on remand. The bankruptcy court entered final judgment as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(C), *Marshall v. Marshall (In re Marshall)*, 257 B.R. 35, 40 (Bankr. C.D. Cal. 2000), and Pierce appealed to the district court under 28 U.S.C. § 158(a)(1), *Marshall v. Marshall* (*In re Marshall)*, 264 B.R. 609, 618 (C.D. Cal. 2001). On appeal, however, the district court determined the bankruptcy court did not have jurisdiction to enter final judgment but only to submit proposed findings of fact and conclusions of law. *In re Marshall*, 264 B.R. at 632–33. The district court vacated the bankruptcy judgment and held that "final judgment in this non-core proceeding must be entered by [the district court] rather than the bankruptcy court." *Id.* at 633. The holding that the bankruptcy court lacked jurisdiction was affirmed twice. *See Stern v. Marshall*, 564 U.S. 462, 503 (2011); *Marshall v. Stern (In re Marshall)*, 600 F.3d 1037, 1060–61 (9th Cir. 2010).

Without a final judgment or other appealable order, the district court properly treated the bankruptcy court's judgment as proposed findings pursuant to 28 U.S.C. § 157(c)(1). *Marshall v. Marshall (In re Marshall)*, 275 B.R. 5, 10

4

(C.D. Cal. 2002); *see Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014) (upholding the use of § 157(c)(1) to submit proposed findings). In so doing, the district court no longer exercised bankruptcy appellate jurisdiction through § 158(a)(1). Rather, the district court entered judgment pursuant to its original jurisdiction in bankruptcy matters. *See* 28 U.S.C. § 1334(b); *see also* 28 U.S.C. § 157(c)(1) ("[T]he bankruptcy judge shall submit proposed findings . . . and any final order or judgment shall be entered by the district judge[.]"). The district court's statement, in denying the Rule 60(b) motion—that it heard this case as an appellate bankruptcy matter—was therefore incorrect. Similarly, the district court's 2013 remand to dismiss the underlying bankruptcy adversary proceeding could not disclaim the court's otherwise proper original jurisdiction.[2]

We therefore have jurisdiction under 28 U.S.C. § 1291, our general grant of jurisdiction to hear appeals from "final decisions of the district courts of the United States." We do not, as Vickie argues, have jurisdiction under 28 U.S.C. § 158(d)(1), because that provision only authorizes appeals from district court orders entered under 28 U.S.C. § 158(a).

---

[2] We reject Pierce's argument that, under *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), the parties knowingly and voluntarily consented to bankruptcy court jurisdiction on remand. Pierce vigorously and successfully challenged the bankruptcy court's jurisdiction, and cannot now enjoy "the luxury of waiting for the outcome" by claiming consent after securing a decision in his favor. *Roell v. Withrow*, 538 U.S. 580, 590 (2003).

17-55789

We may affirm on any ground supported by the record below. *Saldana v. Occidental Petrol. Corp.*, 774 F.3d 544, 551 (9th Cir. 2014). In her Rule 60(b) motion, Vickie argues our 2010 holding has been undermined by the modifications to the Texas probate judgment. *See Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 577–78 (9th Cir. 2000) (explaining a Rule 60(b)(5) motion requires showing changes to the earlier preclusive judgment "remove[d] the underpinnings" of the later judgment).[3] We disagree, and conclude that the Texas judgment was not modified in a way that impacts our prior holding.

The Texas Court of Appeals' opinion, entered in 2015, discusses three issues relevant here. *See generally Stern v. Marshall*, 471 S.W.3d 498 (Tex. App. 2015). First, the Texas Court of Appeals affirmed the probate court's jurisdiction over Pierce's declaratory judgment action deciding Vickie's rights to J. Howard's estate. *Id.* at 517–22. The probate court therefore properly had jurisdiction to decide the issues we found preclusive, including whether Vickie had an expectancy of a gift from J. Howard when he died. Second, the Texas Court of Appeals changed references to Vickie having "abandoned" her claims to having

---

[3] Vickie's motion also claimed to be brought under Rule 60(b)(6), which allows the district court to grant relief from a judgment for "any other reason that justifies relief." Vickie relies solely on modifications to the probate judgment, however, and that event goes to Rule 60(b)(5), not (b)(6). *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (explaining Rule 60(b)(6) is for situations when relief is not available within another prong of Rule 60(b)).

"nonsuited" them. *Id.* at 522–23. We have always referred to Vickie as nonsuiting her claims, so this is immaterial. *See Marshall*, 600 F.3d at 1046, 1063–64. Third, the Texas Court of Appeals clarified that claims against Pierce personally were outside the probate court's jurisdiction and modified parts of the probate judgment that appeared to say otherwise. *Stern*, 471 S.W.3d at 523–26. These changes would go to claim preclusion, or whether the specific claim brought by Vickie was already litigated in Texas. Our prior opinion, however, relied on issue preclusion, or whether certain underlying factual and legal questions were already litigated in Texas. *Marshall*, 600 F.3d at 1061. The Texas Court of Appeals affirmed the probate court's jurisdiction to adjudicate issues relating to J. Howard's estate, including those we previously found precluded Vickie's claim. *Stern*, 471 S.W.3d at 525–26. None of the foregoing impacts our prior issue-preclusion analysis, and we see no reason to disturb our prior judgment.[4]

   **AFFIRMED**.

---

[4] We deny Pierce's motions to dismiss this appeal, certify it to the Texas Supreme Court, and supplement the record.