IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

_____

IN RE THE ESTATE OF
SUSAN RUTH CHALKER, DECEASED

LEONARD KARP AND ANNETTE EVERLOVE,
*Petitioners/Appellants*,

*v.*

DAVID CHALKER, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF SUSAN RUTH CHALKER,
*Respondent/Appellee*.

No. 2 CA-CV 2022-0061
Filed May 4, 2023

_____

Appeal from the Superior Court in Pima County
No. PB20050931
The Honorable Kenneth Lee, Judge

**VACATED AND REMANDED**

_____

COUNSEL

Waterfall, Economidis, Caldwell, Hanshaw & Villamana P.C., Tucson
By Corey B. Larson and Cindy K. Schmidt
*Counsel for Petitioners/Appellants*

David Chalker, Tucson
*In Propria Persona*

## OPINION

Presiding Judge Eppich authored the opinion of the Court, in which Chief Judge Vásquez and Judge Gard concurred.

E P P I C H, Presiding Judge:

¶1        Leonard Karp and Annette Everlove ("petitioners") appeal from the trial court's denial of their Rule 60(b)(5), Ariz. R. Civ. P., motion for relief from the judgment.  They contend the court erred by refusing to vacate an award of attorney fees granted to the estate of Susan Chalker and by denying their request for attorney fees pursuant to A.R.S. § 12-341.01(A).  For the following reasons, we vacate the attorney fee award to the estate and remand for proceedings consistent with this opinion.

### Factual and Procedural Background

¶2        The history underlying this litigation has been well summarized in one opinion and two memorandum decisions from two prior appeals to this court, *In re Estate of Chalker*, 245 Ariz. 410 (App. 2018), *In re Estate of Chalker*, No. 1 CA-CV 17-0109 (Ariz. App. Sept. 20, 2018) (mem. decision), *In re Estate of Chalker*, No. 2 CA-CV 2020-0013 (Ariz. App. Sept. 23, 2020) (mem. decision).  We recite only the facts relevant to this appeal.

¶3        Petitioners represented Chalker in her divorce, which resulted in a dissolution decree in 1995.  Due in part to protracted litigation concerning multiple Fidelity investment accounts subject to the decree, Chalker owed approximately $273,000 in legal fees to petitioners by early 1999.  Chalker consented to an amended fee agreement, which provided that if petitioners recovered the Fidelity accounts, she would pay them half of the recovered funds.

¶4        At the time of Chalker's death in 2005, the litigation regarding the Fidelity accounts had not resolved.  It was not until 2014 that Fidelity transferred the accounts to Chalker's estate.  Those accounts were subsequently liquidated and yielded more than $1.2 million.

¶5        Petitioners pursued claims against the estate for half of the funds.  Prior to trial, the estate made a written offer of $300,000 to petitioners to settle the case.  Petitioners rejected the offer and

counteroffered to settle for $475,000. The estate declined, and the case proceeded to trial.

¶6 In 2016, the trial court determined petitioners were not entitled to half the funds because they had not been responsible for recovering the Fidelity accounts. It concluded petitioners were entitled to the reasonable value of their legal services, totaling $196,071, based on a theory of quantum meruit, but were not entitled to prejudgment interest on that amount. It also awarded petitioners costs, and interest related to those costs, totaling $275,438.33. The court further determined that the estate was entitled to an award of $190,000 for its attorney fees beginning from the day of its settlement offer because the final judgment had been for less than the rejected offer.

¶7 Petitioners appealed, arguing the trial court had erred by failing to add prejudgment interest to the quantum meruit award. We agreed and remanded on that limited issue. *Chalker*, 245 Ariz. 410, ¶¶ 15, 21. On remand, the court awarded prejudgment interest on the quantum meruit award to petitioners, but only after first subtracting the estate's $190,000 attorney fee award. The court determined the estate's attorney fee award was not an issue on appeal and did not disturb it. After the court denied petitioners' motion for a new trial, which asserted the estate's fee award was erroneous, petitioners again appealed.

¶8 In their second appeal, petitioners argued that the trial court had erred on remand by subtracting the $190,000 attorney fee award before calculating prejudgment interest and by failing to re-examine which party was eligible for an award of attorney fees in light of the addition of prejudgment interest on the quantum meruit award. *Chalker*, No. 2 CA-CV 2020-0013, ¶¶ 7, 14. They stated they "were cognizant of the mandatory interest . . . when rejecting the Estate's pre-litigation offer" and had determined that their award, if correctly calculated, would be greater than both written offers of settlement and would make them the successful party. Appellant's Opening Brief, ¶¶ 27-29, 49, *Chalker*, No. 2 CA-CV 2020-0013. They requested we instruct the court to recalculate the interest on the quantum meruit award and to vacate the estate's attorney fee award and remand for the court to award fees in their favor. *Id.* ¶¶ 45-46, 54.

¶9 We agreed with petitioners that the trial court had miscalculated the prejudgment interest but concluded the issue regarding the estate's fee award should have been raised in the first appeal and petitioners had failed to properly do so, waiving the issue for the subsequent appeal. *Chalker*, No. 2 CA-CV 2020-0013, ¶¶ 12, 16. With

specific instructions, we remanded to the court to recalculate the interest on the quantum meruit award by applying prejudgment interest to the award before subtracting the $190,000 in fees owed to the estate. *Id.* ¶¶ 12, 27.

¶10 On remand in November 2021, the trial court entered a final judgment, consistent with our directive, which awarded $585,094.47 to petitioners, and then subtracted the $190,000 attorney fee award to the estate as well as costs paid, for a final judgment of $352,655.88 in favor of petitioners. Petitioners filed a Rule 60(b)(5) motion for relief from the judgment requesting that the court vacate the estate's $190,000 attorney fee award. They asserted that, prior to the court's subtraction of costs already paid and the estate's fee award, the "*real* value" of their quantum meruit award was $585,094.47. And because the estate's pretrial offer of $300,000 was significantly less than the final judgment they received as a result of our appellate decisions, they argued the estate was never the successful party and was not entitled to a fee award. They also filed a motion seeking attorney fees in their favor.

¶11 The trial court denied the requests. It concluded the issue of the estate's fee award had "twice been" to our court and we had determined it waived in the second appeal. The court noted that our court's directions regarding calculations on remand were so specific that entering judgment was merely a "ministerial act" and that petitioners' request for attorney fees was too late. Finally, it observed that the initial merit award had been created in equity and that "altering one aspect of a judgment based on equitable findings without reconsideration of the whole, can lead to unintended results." This appeal followed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(2).

**Discussion**

¶12 On appeal, petitioners assert the trial court erred by denying their Rule 60(b)(5) motion to vacate the estate's attorney fee award and by denying their request for attorney fees pursuant to § 12-341.01(A) based on the corrected final judgment. We review de novo the applicability of a fee statute, *see Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, ¶ 6 (App. 2003), but we will not disturb a court's successful party designation for the purpose of awarding fees if a reasonable basis for it exists, *Berry v. 352 E. Virginia, LLC*, 228 Ariz. 9, ¶ 21 (App. 2011). We will also sustain a court's denial of a Rule 60 motion for relief from judgment "unless 'undisputed facts and circumstances require a contrary ruling.'" *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (quoting *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121 (1957)).

4

**¶13**　　　　A court may award a successful party reasonable attorney fees in a contested action arising out of contract. § 12-341.01(A). A party is successful from the date of the offer when its "written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle." *Id.* A court may relieve a party from a final judgment if it is based on an earlier judgment that has been reversed or vacated, Ariz. R. Civ. P. 60(b)(5), even after a trial court has entered final judgment pursuant to an appellate court mandate, *Minjares v. State*, 223 Ariz. 54, ¶¶ 20, 22 (App. 2009).

**¶14**　　　　The issue raised by petitioners in this appeal was raised in the last appeal to this court.[1] *See Chalker*, No. 2 CA-CV 2020-0013, ¶¶ 14-16. There, petitioners argued that, "in light of the proper amendments to the judgment, [the trial court] would have been compelled to conclude that they, not the estate, were the successful party, and accordingly would have omitted the fee award to the estate and included fee awards to them." *Id.* ¶ 14. We determined the issue should have been raised in petitioners' first appeal, but it was not, and thus was waived. *Id.* ¶ 16; *see also Thompson v. Better-Bilt Aluminum Prods. Co.*, 187 Ariz. 121, 126 (App. 1996) (we generally "will not consider on second appeal a matter which could and should have been raised on first appeal").

**¶15**　　　　Petitioners now assert that although they attempted to raise it before, their argument was not actually ripe for adjudication until the November 2021 judgment was entered demonstrating that they were, in fact, the successful party. Because this was a result of our decisions vacating the prior judgments, they assert Rule 60 is the proper mechanism for relief.

**¶16**　　　　Arizona's Rule 60(b)(5) provision is identical to the federal rule. *Compare* Fed. R. Civ. P. 60(b)(5), *with* Ariz. R. Civ. P. 60(b)(5). "Although a federal court's interpretation of a federal procedural rule is 'not binding in the construction of our rule,' we recognize its instructive and persuasive value and that 'uniformity in interpretation of our rules and the federal rules is highly desirable.'" *Flynn v. Campbell*, 243 Ariz. 76, ¶ 9 (2017) (quoting *Orme Sch. v. Reeves*, 166 Ariz. 301, 304 (1990)).

---

[1]In addition to raising this issue in the second appeal, petitioners also argued that they had properly raised it in the first appeal, and our court had "left the issue open by not squarely addressing it." *Chalker*, No. 2 CA-CV 2020-0013, ¶ 14.

¶17        Petitioners rely on *California Medical Ass'n v. Shalala*, 207 F.3d 575 (9th Cir. 2000), which considered whether Rule 60(b)(5), Fed. R. Civ. P., was an appropriate mechanism to vacate a fee award after the underlying merits judgment had been appealed and reversed, despite no challenge to the fee award in the appeal.[2] The United States Court of Appeals for the Ninth Circuit determined that the affected party need not appeal a fee award to obtain relief under Rule 60 after the merits judgment is reversed. *Id.* at 576-78 ("A separate appeal of the fee award would have been a meaningless formality, as [the petitioner] had no quarrel with the award beyond her contention that she should have prevailed on the merits, and thus owed no fees at all."). It reasoned that "[s]ince the fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award" and that if Rule 60(b)(5) was inapplicable under those circumstances, the court would be "hard pressed to figure out where it ever *would* apply." *Id.* at 577-78. It ultimately concluded that although a Rule 60 motion is subject to discretionary review, the trial court had erred in denying it on equitable grounds. *Id.* at 578-79.

¶18        Other state courts applying rules identical in all material respects to our Rule 60(b)(5) have also concluded that an appeal of a fee award is not a prerequisite to relief when the challenge is based on a vacated judgment. *See, e.g.*, *Oster v. Baack*, 351 P.3d 546, ¶ 26 (Colo. App. 2015) (petitioner challenged successful party basis and not aspect of award itself; thus, Rule 60 proper and appeal not necessary); *Travelers Com. Ins. Co. v. Harrington*, 187 So. 3d 879, 885 (Fla. Dist. Ct. App. 2016) ("when a merits judgment is reversed or vacated, a judgment for attorneys' fees flowing from that judgment should be reversed" through motion for relief from judgment).

¶19        The estate asserts *Shalala* is distinguishable because here petitioners challenged the fee award in a prior appeal, and we determined

---

[2]Although Rule 60, Fed. R. Civ. P., has since been amended, the rule as applied in *Shalala* was materially the same as the current rule. *Compare* Fed. R. Civ. P. 60(b)(5) (1999) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding [because] . . . a prior judgment upon which it is based has been reversed or otherwise vacated . . . ."), *with* Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [because] . . . it is based on an earlier judgment that has been reversed or vacated . . . .").

the issue had been waived. The estate therefore argues that the trial court appropriately applied law of the case.

**¶20** Law of the case is when a court "refuse[s] to reopen questions previously decided in the same case by the same court or a higher appellate court." *Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, ¶ 40 (App. 2004) (quoting *State v. Wilson*, 207 Ariz. 12, ¶ 9 (App. 2004)). When applied to decisions of the same court, it is a discretionary procedural doctrine, rather than a substantive limitation. *Id.*; *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993). We will not apply law of the case if "an error in the first decision renders it manifestly erroneous or unjust." *Wood*, 209 Ariz. 137, ¶ 40 (quoting *Wilson*, 207 Ariz. 12, ¶ 9).

**¶21** Although we concluded in the prior appeal that this issue was waived, it would be manifestly unjust to apply that waiver where a final judgment has since been entered demonstrating that the estate would never have been the successful party had the judgment been correctly calculated in the first instance. *See Amfac Distrib. Corp. v. J.B. Contractors, Inc.*, 146 Ariz. 19, 27 (App. 1985) (award of attorney fees should await trial court determination after remand "so that the ultimately successful party can be determined"); *see also* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3915.6 (2d ed. 2022 update) (enforcing fee award based on judgment that has been vacated is "unseemly spectacle"); *cf. Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, ¶ 74 (App. 2012) (vacating judgment necessarily vacated award of fees flowing from judgment). We agree with petitioners that Rule 60 is an appropriate means to challenge a fee award based on a reversed or vacated merits judgment later amended. Because the undisputed facts require a contrary ruling, the trial court's order refusing to vacate the fee award to the estate was improper. *See Geyler*, 144 Ariz. at 330.

**¶22** In addition to vacating the estate's fee award, petitioners request we "make a fee award" to them. They assert the trial court abused its discretion in denying the request, and that they should have been awarded fees as the successful party pursuant to § 12-341.01(A). An award of fees to the successful party pursuant to § 12-341.01(A) is discretionary and best left to the trial court in the first instance. On remand, the court can consider petitioners' fee request and determine whether an award of fees in their favor is appropriate.

**Attorney Fees and Costs on Appeal**

**¶23**		Pursuant to § 12-341.01 and Rule 21, Ariz. R. Civ. App. P., petitioners and the estate both request attorney fees and costs expended in this appeal.  The estate is represented by its personal representative, David Chalker, who has appeared *in propria persona* and is not the successful party on appeal, and thus is not entitled to a fee award.  In our discretion, we deny petitioners' request for attorney fees.  However, as the successful party, petitioners are entitled to their costs on appeal upon compliance with Rule 21(b).

**Disposition**

**¶24**		For the foregoing reasons, we vacate the attorney fee award to the estate and remand for further proceedings consistent with this opinion.