**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN BRIGGS,

Plaintiff-Appellant,

v.

GALLATIN COUNTY; JOHN DOES, 1-8,
as individuals and in their official capacity as
detention officers,

Defendants-Appellees.

No.   22-35527

D.C. No. 2:18-cv-00010-KLD

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted June 3, 2025
San Francisco, California

Before:  CALLAHAN, BADE, and KOH, Circuit Judges.

Plaintiff-Appellant Kevin Briggs sued Defendant-Appellant Gallatin County

alleging violations of his Fourth and Fourteenth Amendment rights while he was a

pretrial detainee at the Gallatin County Detention Center.  After a five-day trial, the

jury awarded Briggs nominal damages on two of his claims and found in favor of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the County on his remaining claims. Briggs now challenges the jury instructions and the partial denial of his motion for summary judgment.[1] We have jurisdiction to review the final judgment under 28 U.S.C. § 1291. We affirm the final judgment and dismiss Briggs's challenge to the denial of summary judgment.

1. "We review de novo whether a district court's jury instructions accurately state the law, and we review for abuse of discretion a district court's formulation of jury instructions." *Coston v. Nangalama*, 13 F.4th 729, 732 (9th Cir. 2021) (quoting *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017)). "Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002). But if an "error in the jury instruction is harmless, it does not warrant reversal." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (quoting *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005)).

Assuming, without deciding, that the jury instructions contained an error, we affirm the final judgment because any such error was harmless. *See id.* The record shows that the County's disciplinary action against Briggs was supported by "some evidence" with "some indicia of reliability." *Cato v. Rushen*, 824 F.2d 703, 705

---

[1] Briggs concedes that we lack jurisdiction to consider his appeal from the denial of his motion for attorneys' fees and costs under Federal Rule of Civil Procedure 54, and we dismiss the appeal on that basis. *See Nutrition Distrib. LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1072 (9th Cir. 2020); *Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 576 (9th Cir. 2000).

(9th Cir. 1987). Briggs's alternative argument that the "some evidence" standard does not apply to pretrial detainees is unpersuasive, and we decline to adopt his proposed "objectively reasonable evidence" standard to determine whether the County's disciplinary action satisfied procedural due process.

2.      We dismiss Briggs's challenge to the partial denial of his motion for summary judgment because "the denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits." *Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir. 2000) (quoting *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358–59 (9th Cir. 1987)). Briggs concedes that the magistrate judge's denial of summary judgment "relied entirely on disputed testimony," and he summarily argues that the evidence before trial supported his due process claim. The jury has already concluded that Briggs's rights were not violated, so there is no need for us to "engage in the pointless academic exercise of deciding whether a factual issue was disputed after it has been decided." *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 903 (9th Cir. 2004).

**AFFIRMED IN PART AND DISMISSED IN PART.**

3