NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRENDSETTAH USA, INC.; TRENDSETTAH, INC., et al.<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>SWISHER INTERNATIONAL GROUP INC.,<br><br>Defendant – Appellee. | No. 23-4257<br><br>D.C. No. 8:14-cv-01664-JVS-DFM<br><br>MEMORANDUM* |
| TRENDSETTAH USA, INC.; TRENDSETTAH, INC.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>SWISHER INTERNATIONAL GROUP INC.,<br><br>Defendant - Appellant. | No. 24-1313<br><br>D.C. No. 8:14-cv-01664-JVS-DFM |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 12, 2025
Pasadena, California

Before: WARDLAW and RAWLINSON, Circuit Judges, and RAKOFF, District Judge.[**]

Trendsettah USA, Inc. (Trendsettah) appeals the district court's award of attorneys' fees and costs to Swisher International, Inc. (Swisher) as sanctions for Trendsettah's litigation misconduct, and the district court's calculation of prejudgment interest. In its cross-appeal, Swisher contends that the district court erred in failing to award its entire attorneys' fees and costs in defending against Trendsettah's antitrust and breach-of-contract action. We have jurisdiction under 28 U.S.C. § 1291, and we conclude that the district court properly exercised its inherent authority to reach a holistic and equitable resolution of this protracted dispute.

We review the district court's sanctions award, its award of prejudgment interest, and its denial of Trendsettah's motion under Federal Rule of Civil Procedure 60 (Rule 60) for abuse of discretion. *See America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1087-88 (9th Cir. 2021); *see also Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019); *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024).

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

After a jury verdict in favor of Trendsettah on its antitrust and breach-of-contract claims, Swisher discovered that Trendsettah's chief executive officer, Alkrum Alrahib (Alrahib), engaged in a fraudulent scheme to "avoid payment of federal excise taxes," which "allowed [Trendsettah] to set artificially low prices and continue to compete effectively in the relevant markets, thereby incurring its asserted damages." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1127, 1137 (9th Cir. 2022). We reversed the district court's ruling that Trendsettah engaged in fraud on the court, but held that "relief from judgment on Trendsettah's antitrust claims [was] warranted under Rule[s] 60(b)(2) and (b)(3) based on newly discovered evidence and fraud." *Id.* at 1134, 1138. We also "reverse[d] the district court's dismissal of Trendsettah's breach of contract claims and remand[ed] with instructions to reinstate the jury's verdict on those claims." *Id.* at 1128.

On remand, the district court exercised its inherent authority to impose sanctions, and denied Trendsettah's motion under Rule 60(b)(5) to vacate a prior attorneys' fee award in favor of Swisher.[1] Although we reinstated the breach-of-

---

[1] Swisher's motion for an award of attorneys' fees as a sanction was timely following the district court's order conditioning Trendsettah's dismissal of its claims on a potential motion for attorneys' fees under "the court's inherent powers," subsequent to our resolution of Trendsettah's appeal. *See* Fed. R. Civ. P. 54(d)(2)(B) (setting time limits for a motion for attorney's fees "[u]nless . . . a court order provides otherwise"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991) (noting that "sanctions may be imposed years after a judgment on the

23-4257

contract verdict, the rule that when a "fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award" does not address the different situation of attorneys' fees as a post-appeal sanction. *California Med. Ass'n v. Shalala*, 207 F.3d 575, 577-79 (9th Cir. 2000). While Trendsettah's fraudulent conduct was not imputed to its counsel, our prior decision concluded that Trendsettah is responsible for Alrahib's fraud in litigating this case. *See Trendsettah*, 31 F.4th at 1134, 1137. As a result, the district court possessed "inherent authority" to impose attorneys' fees "as a sanction for [Trendsettah's] bad-faith litigation conduct." *Gregory v. State of Mont.*, 118 F.4th 1069, 1077 (9th Cir. 2024). Notably, the district court reduced the fee award by $2,388,065.98 to account for any overlap between the prior fee award and the sanctions, ***see id.***, and did not abuse its discretion in imposing sanctions based on the equities of the case. *See id.*

Nor did the district court abuse its discretion in awarding prejudgment interest. "State law governs prejudgment interest in a diversity action. . . ." *Westport Ins. Corp.*, 916 F.3d at 781 (citation omitted). Under Florida law, which governs the agreement between Trendsettah and Swisher, "prejudgment

merits") (citation and footnote reference omitted). Swisher's sanctions motion was also not "clearly inconsistent with its earlier position" in its attorneys' fee motion. *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, 124 F.4th 1209, 1217 (9th Cir. 2025) (citation and internal quotation marks omitted).

interest . . . is denied when its exaction would be inequitable." *Langsetmo v. Metza*, 335 So. 3d 708, 712 (Fla. Dist. Ct. App. 2022) (citation and internal quotation marks omitted). The district court determined that "[e]quity [did] not counsel calculating prejudgment interest from the original judgment through the newly-entered judgment," because "the delay in this case was occasioned on the fraud of the prevailing party and cannot be rewarded with a higher interest rate." The district court did not abuse its discretion in its equitable calculation of prejudgment interest in light of Trendsettah's misconduct. *See id.*

Finally, the district court did not err in declining to award Swisher its entire attorneys' fees and costs in defending the action. The district court determined that Trendsettah's "fraud infected [its] damages, but not necessarily [Swisher's] liability." Even if our mandate did not bar the district court from awarding Swisher's full fees and costs, the district court did not err in distinguishing between Swisher's breach-of-contract liability based on the jury's verdict and Trendsettah's theory of damages. *See id.*

**AFFIRMED.** [2]

---

[2] In the prior appeal, we rejected Swisher's jurisdictional challenge that it reasserts in its cross-appeal. *See Trendsettah*, 31 F.4th at 1131-32.